**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4194**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON FRANCISCO GAMEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00141-WO-1)

Submitted:  March 24, 2022                                    Decided:  March 28, 2022

Before MOTZ, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Tiffany T. McGregor, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Francisco Gamez pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Gamez to 120 months' imprisonment and 3 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the procedural reasonableness of Gamez's 120-month sentence, specifically, whether the district court erred in applying the cross-reference to attempted murder under U.S. Sentencing Guidelines Manual §§ 2K2.1(c)(1)(A), 2X1.1(a), 2A2.1(a)(2) (2018). Gamez has filed a pro se supplemental brief also challenging the attempted murder cross-reference and arguing that his counsel did not help him to her fullest ability. The Government declined to file a brief. We affirm.

We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019). A conviction under § 922(g)(1), where the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of, as relevant here, a controlled substance offense, corresponds to a base offense level of 22. *See* USSG § 2K2.1(a)(3). However, if the defendant "used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense," the cross-reference in USSG § 2K2.1(c)(1)(A) directs the application of the base offense level for the underlying

2

offense, *see* USSG § 2X1.1.  Section 2A2.1(a)(2) provides a base offense level of 27 for attempted murder where the object of the offense would not have constituted first degree murder.  After reviewing the record, we discern no error in the district court's decision to apply the cross-reference to attempted murder.  *See Slager*, 912 F.3d at 232 ("At sentencing, the [G]overnment has the burden to prove a cross-referenced offense by a preponderance of the evidence." (cleaned up)).

To the extent that Gamez alleges ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).  As the record does not conclusively demonstrate that counsel was ineffective, Gamez's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id*. at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Gamez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gamez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gamez.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*